1 | Brian Recor, California Bar No. 229091
M. Angela Buenaventura, California Bar No. 264130
2 | **BRYAN CAVE LLP**
120 Broadway, Suite 300
3 | Santa Monica, California 90401-2386
Telephone:  (310) 576-2100
4 | Facsimile:  (310) 576-2200
Email:        brian.recor@bryancave.com
5 |                   buenaventuraa@bryancave.com

6 | Attorneys for Defendants
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
7 | RECONTRUST COMPANY, N.A.; COUNTRYWIDE FINANCIAL
CORPORATION; COUNTRYWIDE HOME LOANS, INC.; BANK OF
8 | AMERICA, N.A. (individually and as successor by merger to BAC HOME
LOANS SERVICING, L.P.); LANDSAFE APPRAISAL SERVICES, INC..; and
9 | LANDSAFE, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARLON STAGGS<br>CHRISTINE STAGGS<br><br>           Plaintiffs,<br><br>                vs.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.;<br>RECONTRUST COMPANY, N.A.;<br>COUNTRYWIDE FINANCIAL<br>CORPORATION; COUNTRYWIDE<br>HOME LOANS, INC.;<br>COUNTRYWIDE HOME LOANS<br>SERVICING, L.P. FKA BAC HOME<br>LOAN SERVICING, L.P.; BANK OF<br>AMERICA, N.A.; BAC HOME<br>LOANS SERVICING L.P.; EDDIE<br>AVAKIAN; LANDSAFE<br>APPRAISAL SERVICES, INC.;<br>LANDSAFE, INC.; HEARN<br>QUALITY ASSURANCE; MARK<br>HEARN; TC APPRAISALS; C. BILL<br>LEE; MARTEL LOFTSLLC; OMRI<br>MERON; AMI REAL ESTATE, INC.;<br>CITIBANK, N.A.; CERTIFICATE<br>HOLDERS OF BEAR STEARNS<br>ALT-A TRUST 2006-7 AS A<br>SEPARATE UNKNOWN LEGAL<br>ENTITY; STRUCTURED ASSET<br>MORTGAGE INVESTMENTS II,<br>INC; WELLS FARGO BANK, | Case No. CV12-1002 PA (VBKx)<br><br>**DEFENDANTS MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, INC.; RECONTRUST<br>COMPANY, N.A.; COUNTRYWIDE<br>FINANCIAL CORPORATION;<br>COUNTRYWIDE HOME LOANS,<br>INC.; BANK OF AMERICA, N.A.;<br>LANDSAFE APPRAISAL<br>SERVICES, INC.; AND LANDSAFE,<br>INC.'S NOTICE OF MOTION AND<br>MOTION TO DISMISS<br>PLAINTIFFS' COMPLAINT;<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT<br>THEREOF**<br><br>Date:  April 2, 2012<br>Time: 1:30 p.m.<br>Dept.:15 |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

SM01DOCS\883667.1

MOTION TO DISMISS COMPLAINT

1 | NATIONAL ASSOCIATION AND
2 | DOES 1-10.
3 |                              Defendants.

4

5 | **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**

6 | **RECORD:**

7 |        **PLEASE TAKE NOTICE** that on April 2, 2012 at 1:30 p.m. or as soon

8 | thereafter as the matter may be heard in Department 15 of the above-entitled Court,

9 | located at 312 North Spring Street, Los Angeles, California 90012, defendants

10 | Mortgage Electronic Registration Systems, Inc.; ReconTrust Company, N.A.;

11 | Countrywide Financial Corporation; Countrywide Home Loans, Inc.; Bank of

12 | America, N.A. (individually and as successor by merger to BAC Home Loans

13 | Servicing, L.P.); LandSafe Appraisal Services, Inc.; and LandSafe, Inc.

14 | ("Defendants") will move the Court to dismiss the Complaint of Plaintiffs Marlon

15 | Staggs and Christine Staggs ("Plaintiffs").

16 |        Defendants move to dismiss pursuant to Federal Rule of Civil Procedure

17 | 12(b)(6), and on the grounds that the counts contained in Plaintiffs' Complaint fail

18 | to state a claim upon which relief can be granted.

19 |        The Motion is based upon this Notice of Motion, the Memorandum of Points

20 | and Authorities, and upon all pleadings, papers, and documents on file herein, as

21 | well as any oral argument that may be presented at the time of the hearing or any

22 | matters of which judicial notice is requested and/or taken.

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    Counsel for Defendants met and conferred with Plaintiffs' counsel pursuant to

2  Local Rule 7-3 on February 21, 2012.

3

Dated:  February 28, 2012              **BRYAN CAVE LLP**

4

5                                      By:  /s/ M. Angela Buenaventura
                                            M. Angela Buenaventura
6                                      Attorneys for Defendants
                                       MORTGAGE ELECTRONIC
7                                      REGISTRATION SYSTEMS, INC.;
                                       RECONTRUST COMPANY, N.A.;
8                                      COUNTRYWIDE FINANCIAL CORP.;
                                       COUNTRYWIDE HOME LOANS, INC.;
9                                      BANK OF AMERICA, N.A.; LANDSAFE
                                       APPRAISAL SERVICES, INC.; and
10                                     LANDSAFE, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# Table of Contents

**Page**

I.      INTRODUCTION.................................................................................................1

II.     PLAINTIFFS' ALLEGATIONS AND LOAN DOCUMENTS ...........................2

III.    STANDARD OF REVIEW ..................................................................................3

IV.     THE ENTIRE COMPLAINT FAILS AS PLAINTIFFS FAIL TO ALLEGE TENDER OF THE AMOUNTS DUE ON THE LOAN. .....................................4

V.      IN THE ALTERNATIVE, EACH OF PLAINTIFFS' COUNTS INDEPENDENTLY FAILS.......................................................................................................................5

   A.   Plaintiffs' First Count for Declaratory Relief Fails.................................5

   B.   Plaintiffs' Second Count for Unjust Enrichment Fails.............................7

   C.   Plaintiffs' Third Count For Wrongful Foreclosure Fails.........................7

   D.   Plaintiffs' Fourth Count For Tortious Interference Fails. .......................9

   E.   Plaintiffs' Fifth Count for Promissory Estoppel/Constructive Trust Fails............10

   F.   Plaintiffs' Sixth Count For Slander of Title Fails. ...............................11

   G.   Plaintiffs' Eighth Count For Equitable Estoppel Fails..........................12

   H.   Plaintiffs' Ninth Count For Truth in Lending Act Violation Fails. .....................12

   I.   Plaintiffs' Tenth Count For Violation of Business and Professions Code Section 17200 et seq. ("the UCL") Fails..................................................13

       1.   Plaintiffs lack standing to bring a UCL claim...........................13

       2.   Plaintiffs' UCL count fails under the "fraudulent" prong.........................13

       3.   Plaintiffs' UCL claim fails under the "unlawful" or "unfair" prongs.......14

   J.   Plaintiffs' Eleventh Count for Appraisal Violations Fails. ...................15

   K.   Plaintiffs' Twelfth Count for Injunctive Relief Fails. ..........................15

   L.   Plaintiffs' Thirteenth Count for RESPA Violation Fails. .....................16

VI.     CONCLUSION ..................................................................................................18

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA  90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**Cases**

*Abdallah v. United Savs. Bank,*
  43 Cal. App. 4th 1101 (1996) ............................................................... 4

*Alicea v. GE Money Bank,*
  2009 WL 2136969 (N.D. Cal. 2009) ..................................................... 4

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009) ......................................................................... 3

*Balistreri v. Pacifica Police Dep't,*
  901 F.2d 696 (9th Cir. 1990) ............................................................... 3

*Banut v. BAC Home Loans Servicing, LP,*
  2011 WL 5237751, (E.D. Cal. 2011) .................................................. 12

*Behnke v. State Farm General Ins. Co.,*
  196 Cal. App. 4th 1443 (2011) .......................................................... 12

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................................. 3

*Benham v. Aurora Loan Services,*
  2009 WL 2880232 (N.D. Cal. Sep. 1, 2009) ....................................... 9

*Berryman v. Merit Property Management, Inc.,*
  152 Cal. App. 4th 1544 (2007) .......................................................... 14

*City of Oakland v. Comcast Corp.,*
  2007 U.S. Dist. LEXIS 14512 (N.D. Cal. Feb. 14, 2007) .................... 7

*Comet Theatre Enterprises, Inc. v. Cartwright,*
  195 F.2d 80 (9th Cir. 1952) ................................................................. 7

*Communist Party v. 522 Valencia, Inc.,*
  35 Cal. App. 4th 980 (1995) .............................................................. 11

*Contemp. Invs., Inc. v. Safeco Title Ins. Co.,*
  145 Cal. App. 3d 999 (1983) ............................................................... 9

*Davidson v. Countrywide Home Loans, Inc.,*
  2010 U.S. Dist. LEXIS 24589 (S.D. Cal. 2010) .................................. 9

*Do v. Pilgrim's Pride Corp.,*
  512 F. Supp. 2d 764 (E.D. Tex. 2007) ................................................ 6

*Dueker v. Gill,*
  175 S.W.3d 662 (Mo. App. 2005) ....................................................... 6

*Garcia v. Wachovia Mortg. Corp.,*
  676 F. Supp. 2d 895 (C.D. Cal. 2009) .............................................. 17

*Glue-Fold, Inc. v. Slautterback Corp.,*
  82 Cal. App. 4th 1018 (2000) ............................................................ 11

*Gomes v. Countrywide Home Loans, Inc.,*
  192 Cal. App. 4th 1149 (2011) ............................................................ 8

*Gonzalez v. First Franklin Loan Servs.,*
  2010 WL 144862 (E.D. Cal. Jan. 11, 2010) ...................................... 16

*Gregory v. Albertson's, Inc.,*
  104 Cal. App. 4th 845 (2002) ............................................................ 14

MOTION TO DISMISS COMPLAINT

*Hamilton v. Bank of Blue Valley*,
   746 F. Supp. 2d 1160 (E.D. Cal. 2010) ................................................................ 17

*Jensen v. Quality Loan Serv. Corp.*,
   702 F.Supp. 2d 1183 (E.D. Cal. 2010) ........................................................ 16, 17

*Joffe v. City of Huntington Park*,
   201 Cal. App. 4th 492 (2011) ............................................................................ 12

*Kachlon v. Markowitz*,
   168 Cal. App. 4th 316 (2008) ............................................................................ 12

*Karlsen v. Am. Sav. & Loan Ass'n*,
   15 Cal. App. 3d 112 (1971) .................................................................................. 4

*Korean American Legal Advocacy v. Los Angeles*,
   23 Cal. App. 4th 376 (1994) .............................................................................. 16

*Kroeker v. Hurlbert*,
   38 Cal. App. 2d 261 (1940) .................................................................................. 8

*Lance Camper Mfg. Corp. v. Republic Indemnity Co.*,
   44 Cal. App. 4th 194 (1996) ................................................................................ 7

*Lane v. Vitek Real Estate Indus. Grp.*,
   713 F. Supp. 2d 1092 (E.D. Cal. 2010) .............................................................. 16

*Linkhart v. US Bank, NA.*,
   2010 U.S. Dist. LEXIS 48281 (S.D. Cal. May 17, 2010) ..................................... 9

*Lopez v. Smith*,
   203 F.3d 1122 (9th Cir. 2000) .............................................................................. 3

*Manhattan Loft, LLC v. Mercury Liquors, Inc.*,
   173 Cal. App. 4th 1040 (2009) .......................................................................... 11

*Marlin v. AIMCO Venezia, LLC*,
   154 Cal. App. 4th 154 (2007) ............................................................................ 15

*McKell v. Washington Mut., Inc.*,
   142 Cal. App. 4th 1457 (2006) ............................................................................ 7

*Melchior v. New Line Productions, Inc.*,
   106 Cal. App. 4th 779 (2003) .............................................................................. 7

*Meyer v. Ameriquest Mortg. Co.*
   342 F.3d 899, 902 (9th Cir. 2003) ........................................................................ 5

*Montoya v. Countrywide Bank, F.S.B.*,
   2009 WL 1813973 (N.D. Cal. 2009) .................................................................... 4

*Munger v. Moore*,
   11 Cal. App. 3d 1 (1970) ...................................................................................... 8

*Munger*,
   11 Cal. App. 3d at 7 .............................................................................................. 8

*Nguyen v. Calhoun*,
   105 Cal. App. 4th 428 (2003) .............................................................................. 4

*Nymark v. Heart Fed. Sav. & Loan Assoc.*,
   231 Cal. App. 3d 1089 (1991) ........................................................................ 6, 15

*Peterson v. Cellco P'ship*,
   164 Cal. App. 4th 1583 (2008) .......................................................................... 13

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA  90401-2386

*Peterson v. Cellco Partnership,*
   164 Cal. App. 4th 1583 (2008) .................................................................. 7, 13

*Phipps v. Wells Fargo Bank, N.A.,*
   2011 U.S. Dist. LEXIS 10550 (E.D. Cal. Jan. 27, 2011) ........................ 8

*Phu Van Nguyen v. BAC Home Loan Services, LP,*
   2010 WL 3894986 (N.D. Cal. 2010) ...................................................... 14

*Rosenfeld v. JPMorgan Chase Bank, N.A.,*
   732 F. Supp. 2d 952 (N.D. Cal. 2010).................................................... 8

*Scripps Clinic v. Superior Court,*
   108 Cal. App. 4th 917 (2003) ................................................................. 14

*Selby v. Bank of Am., Inc.,*
   2011 WL 902182 (S.D. Cal. 2011)......................................................... 13

*Shamsian v. Atl. Richfield Co.,*
   107 Cal. App. 4th 967 (2003) ................................................................. 15

*Stansfield v. Starkey,*
   220 Cal. App. 3d 59 (1990) .................................................................... 11

*US Ecology, Inc. v. State,*
   129 Cal. App. 4th 887 (2005) ................................................................. 10

**Statutes**

12 U.S.C. § 2605(e)................................................................................... 16, 17

12 U.S.C. § 2605(e)(1)(A)......................................................................... 16

12 U.S.C. § 2605(e)(1)(B)(ii)..................................................................... 16, 17

12 U.S.C. § 2605(e)(2)................................................................................ 16

12. U.S.C. § 2605 ...................................................................................... 17

15 U.S.C. § 1640 ....................................................................................... 5, 13

15 U.S.C. § 1641 ....................................................................................... 14

15 U.S.C. § 1641(f)(2) ............................................................................... 12, 13

15 U.S.C. §§ 1635(f) ................................................................................. 5

Cal Civ. Code 2924(a)(1) .......................................................................... 2

Cal Civ. Code 2924(a)(3) .......................................................................... 2

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Marlon and Christine Staggs ("Plaintiffs") borrowed $1.6 million to purchase the subject investment property.[1]  Because the value of this property, like property values across the country, has decreased since August 2006, disappointed Plaintiffs stopped making loan payments and now blame Defendants[2] for market conditions.

All of Plaintiffs' counts against Defendants are grounded in vague allegations that the securitization of Plaintiffs' loan led to irregularities in the foreclosure process and allegations that Defendants conspired to inflate the appraisal of their home.  However, as the recorded and judicially noticeable foreclosure documents demonstrate, nonjudicial foreclosure was properly initiated and conducted by the trustee, pursuant to the terms of the Deed of Trust and consistent with California's non-judicial foreclosure statutes.  In addition, Plaintiffs' allegations of inflated appraisal are implausible.  Plaintiffs essentially allege that Defendants entered into a scheme to inflate house appraisals so they could intentionally make bad loans.  Appraisals are not given to induce the purchase of the property, because the purchase price had already been determined by the borrower and the property owners before any appraisal was done.

Moreover, each of Plaintiffs' counts directly challenges the foreclosure sale or is implicitly integrated with the foreclosure process.  Since Plaintiffs do not (and cannot) alleged tender of the loan proceeds, the Complaint is barred by California's well-recognized tender rule.

---

[1] Plaintiffs do not live in the subject property.  (Compl. ¶¶ 9-10.)

[2] "Defendants" refers collectively to moving parties Mortgage Electronic Registration Systems, Inc.; ReconTrust Company, N.A.; Countrywide Financial Corporation; Countrywide Home Loans, Inc.; Bank of America, N.A. (individually and as successor by merger to BAC Home Loans Servicing, L.P.); LandSafe Appraisal Services, Inc.; and LandSafe, Inc.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    Alternatively, all of Plaintiffs' counts fail to state a cognizable cause of action

2  against Defendants, as Plaintiffs fail to plead the requisite facts to support any of

3  them.  As there is no possibility of credible amendment to cure these various

4  pleading defects, the Court should grant Defendants' Motion to Dismiss, without

5  leave to amend.

6  **II.     PLAINTIFFS' ALLEGATIONS AND LOAN DOCUMENTS**

7    On June 21, 2006, Plaintiffs agreed to purchase the subject property located at

8  6615 Melrose Avenue, Unit 2, Los Angeles Ca 90038 for $1,450,000.  (*See* Compl.,

9  Ex. 1.)  One month later, the property appraised for $1,450,000.  (*See* Compl., Ex

10 6A.)  Plaintiffs allege that "COUNTRYWIDE and LANDSAFE secured a review

11 appraisal from Mark Hearn of HEARN QUALITY ASSURANCE Inc. which

12 simply signed off on the value that TC APPRAISALS had arrived at." (Compl.

13 ¶ 1.)

14   On or about August 2, 2006, Plaintiffs obtained a loan secured by a Deed of

15 Trust on the subject property.  (Ex. 16 to Compl.)  As listed on the Deed of Trust,

16 the lender is Countrywide Bank, N.A., the trustee is ReconTrust Company, N.A.

17 ("ReconTrust"), and the beneficiary is Mortgage Electronic Registration Systems,

18 Inc. ("MERS").  (*Id.*)

19   Plaintiffs allege that "Bank of America" (Compl. ¶ 34) is the servicer on the

20 loan, but they do not allege which "Bank of America" entity is Plaintiffs' loan

21 servicer.

22   Plaintiffs defaulted on their loan.  (*See* Notice of Default, Compl., Ex. 22.)

23 Accordingly, pursuant to the terms of the Deed of Trust and California's non-

24 judicial foreclosure statute,[3] ReconTrust initiated the foreclosure process by

25 executing a Notice of Default on August 18, 2011 and recording the Notice of

26 _____
[3] The trustee under the deed of trust has authority to notice a default and foreclosure sale.
27 *See* Cal. Civ. Code 2924(a)(1) & 2924(a)(3).  In addition, the trustee has the authority to
conduct the sale (hence the label, "trustee's sale).  *See* Cal Civ Code 2924(a)(3).  *See also*
28 pages 13-14, Deed of Trust, Ex. 16 to Compl.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  Default on August 22, 2011. (*Id.*)  ReconTrust recorded a Notice of Trustee's Sale
2  on November 23, 2011. (Ex. 24 to Compl.)

3       Plaintiffs' ninety-two page Complaint is a panoply of vague allegations and
4  legal conclusions that the securitization of Plaintiffs' loan led to irregularities in the
5  foreclosure process and that Defendants conspired to inflate the appraisal value of
6  the subject property. (*See generally* Compl.)

7  **III.**  **STANDARD OF REVIEW**

8       "To survive a motion to dismiss, a complaint must contain sufficient factual
9  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
10  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*,
11  550 U.S. 544, 570 (2007); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,
12  699 (9th Cir. 1990) (A court should grant a Rule 12(b)(6) motion if there is a "lack
13  of a cognizable legal theory or the absence of sufficient facts alleged under a
14  cognizable legal theory." (Internal quotes omitted)).  "Threadbare recitals of the
15  elements of a cause of action, supported by mere conclusory statements, do not
16  suffice." *Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 550 U.S. at 127 (mere "labels
17  and conclusions" and/or "formulaic recitation[s] of the elements of a cause of
18  action" will not suffice to overcome a motion to dismiss. (citations omitted)).
19  Rather, the "[f]actual allegations must be enough to raise a right to relief above the
20  speculative level. . . ." *Twombly*, 127 S. Ct. at 1959.  To determine whether a
21  complaint states a plausible claim for relief, the court must rely on its "judicial
22  experience and common sense." *Id.* at 1950.

23       Further, a court can dismiss claims without granting leave to amend if
24  amending the complaint would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130
25  (9th Cir. 2000) (dismissal with prejudice is proper where pleading defect cannot be
26  cured with additional factual allegations).

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA  90401-2386

MOTION TO DISMISS COMPLAINT

## IV.   THE ENTIRE COMPLAINT FAILS AS PLAINTIFFS FAIL TO ALLEGE TENDER OF THE AMOUNTS DUE ON THE LOAN.

Under California law, a plaintiff challenging a foreclosure sale must allege tender under "any cause of action for irregularity in the sale procedure." *Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (1996). "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, 2009 WL 2136969, at *3 (N.D. Cal. 2009). Federal and state courts in California have expanded the application of the tender rule to any cause of action that seeks redress from foreclosure or which is "implicitly integrated" with the foreclosure sale. *Montoya v. Countrywide Bank, F.S.B.*, 2009 WL 1813973, at *11 (N.D. Cal. 2009); *Abdallah*, 43 Cal. App. 4th at 1109; *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 121 (1971). "The rules which govern tenders are strict and are strictly applied . . . ." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003).

Each of Plaintiffs' counts directly challenges the foreclosure sale, as the relief Plaintiffs seek on all counts is to prevent Defendants from foreclosing on the Property. (Compl. ¶¶ 355, 357.) In addition, Plaintiffs' counts for wrongful foreclosure and slander of title are based on alleged irregularities in the foreclosure process. (*See* Compl. ¶¶ 134-170, 184-193.) Furthermore, Plaintiffs' "causes of action" for declaratory relief, unjust enrichment, promissory estoppel/constructive trust, declaratory relief/quiet title, equitable estoppel, and injunctive relief are also subject to and barred by the tender rule since these claims necessarily invoke equitable prayers, and California courts have repeatedly held that the rules of tender apply where equitable remedies are sought. *Karlsen, supra*, 15 Cal. App. 3d at 118 ("This requirement is based on the theory that one who is relying upon equity … is able to perform his obligations under the contract so that equity will not have been employed for an idle purpose."). Plaintiffs have failed to allege tender. Thus, all of

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 | their counts in the Complaint fail to state a claim.

2 | **V.  IN THE ALTERNATIVE, EACH OF PLAINTIFFS' COUNTS**

3 | **INDEPENDENTLY FAILS.**

4 |     **A.  Plaintiffs' First Count for Declaratory Relief Fails.**

5 |     Plaintiffs' declaratory relief count fails because Plaintiffs fail to show that

6 | adequate legal remedies are unavailable, especially in light of the fact that they are

7 | seeking $5 million in damages.  (Compl. ¶ 352.)  Further, Plaintiffs plead no facts

8 | demonstrating that such remedies would be justified.

9 |     Plaintiffs (1) vaguely allege that Defendants violated the Truth in Lending

10 | Act ("TILA") by failing to provide unspecified disclosures to Plaintiffs during the

11 | origination of the loan (Compl. ¶¶ 60, 63), and (2) allege that Defendants are liable

12 | for an allegedly inflated appraisal (Compl. ¶¶ 67, 73, 100-108).  To the extent that

13 | this count relies on an alleged violation of TILA's disclosure requirements during

14 | the 2006 loan origination (Compl. ¶¶ 60, 63), it is time-barred.  15 U.S.C. §§

15 | 1635(f) (three-year statute of limitations for rescission); 1640(one-year statute of

16 | limitations for damages).  The date of the violation refers to the date "the loan

17 | documents were signed."  *Meyer v. Ameriquest Mortg. Co.* 342 F.3d 899, 902 (9th

18 | Cir. 2003).

19 |     With respect to the allegedly fraudulent appraisal, Plaintiffs allege that

20 | Defendants inflated the appraisal on Plaintiffs' property in order to "creat[e] a piece

21 | of paper that looks good-not that is good, to sell on the secondary market for profit."

22 | (Compl. ¶ 100.)  Plaintiffs further contend that "[a]ppraisals for properties that

23 | COUNTRYWIDE originated were not obtained from independent appraisers

24 | because the appraisal amounts had to conform to pre-determined levels, or the

25 | appraiser's association of employment with COUNTRYWIDE might be at risk."

26 | (Compl. ¶ 103.)  Plaintiffs also contend that the appraisal was based on

27 | inappropriate "comparable" properties.  (Compl. ¶¶ 108-109.)  Plaintiffs essentially

28 | allege that Defendants entered into a scheme to inflate house appraisals so they

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  could *intentionally make bad loans*.  This "would be a ludicrous banking policy"

2  that lacks any facial plausibility.  *Do v. Pilgrim's Pride Corp.*, 512 F. Supp. 2d 764,

3  768-69 (E.D. Tex. 2007) (dismissing plaintiffs' RICO claims where the lender's

4  relationship with other entities "reveal[ed] only standard business arrangements").

5  Nor can Plaintiffs claim, as a matter of California law, that they had a right to rely

6  on the appraisals when closing escrow on their homes.  *See Nymark v. Heart Fed.*

7  *Sav. & Loan Assoc.*, 231 Cal. App. 3d 1089, 1096 (1991) ("[D]efendant performed

8  the appraisal of plaintiff's property in the usual course and scope of its loan

9  processing procedures to protect *defendant's* interest by satisfying it that the

10  property provided adequate security for the loan").  Where, as here, purchase

11  agreements do not contain appraisal-related cancellation contingencies[4] (*see*

12  Purchase Agreement, Compl., Ex. 1), appraisals are "not given to induce the

13  purchase of the [property], because the purchase price had already been determined

14  by [the borrower] and the [property owners]."  *See Dueker v. Gill*, 175 S.W.3d 662,

15  668 (Mo. App. 2005) (recognizing that "Plaintiffs had already committed to

16  purchase the [property] from the [owners] before [the] appraisal was ever presented

17  to them").  In short, Plaintiffs cannot allege that they were harmed by allegedly

18  inflated appraisals because appraisals are for the lender's benefit.

19    Furthermore, the facts revealed in the exhibits to the Complaint demonstrate

20  that Plaintiffs' allegations concerning appraisal are implausible.  Plaintiffs agreed to

21  purchase the property for $1.45 million on June 21, 2006.  (*See* Compl., Ex. 1)  The

22  property was not appraised until July 21, 2006 (*see* Compl., Ex. 6A) and Plaintiffs

23  did not consummate the loan until August 2, 2006 (*see* Compl., Ex. 16).  Given this

24  chronology, Plaintiffs could not have relied on any appraisal in purchasing the

25   [4] In fact, paragraph 39 of the Purchase Agreement states: "Future Value: Seller makes no

26  representations or warrant, express or implied, as to the price or value of any of the
dwellings.  It is understood, acknowledged and agreed that, the dwelling being purchased

27  may appreciate or depreciate in value and prices, other dwellings in the project may be
sold for a higher or lower price than that paid for the dwelling being purchased by

28  Buyer…"

1  property or in determining the amount of money that they needed to borrow.

2  Plaintiffs' allegations concerning an inflated appraisal are baseless, and they cannot

3  allege any damages resulting from any of the alleged irregularities in appraisal.

4  **B.   Plaintiffs' Second Count for Unjust Enrichment Fails.**

5  Plaintiffs cannot maintain a claim for unjust enrichment.  As a preliminary

6  matter, California state courts have refused to recognize "unjust enrichment" as a

7  cause of action.  *See McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1490

8  (2006); *Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003).

9  In addition, "it is well settled that an action based on an implied-in-fact or

10  quasi-contract cannot lie where there exists between the parties a valid express

11  contract covering the same subject matter." *City of Oakland v. Comcast Corp.*, 2007

12  U.S. Dist. LEXIS 14512 (N.D. Cal. Feb. 14, 2007), citing *Lance Camper Mfg. Corp.*

13  *v. Republic Indemnity Co.,* 44 Cal. App. 4th 194, 203 (1996).  Here, the parties have

14  express written contracts to purchase the homes, and separate specific written

15  contracts to borrow the funds to finance the homes.  Thus, Plaintiffs have a legal

16  remedy, and cannot assert unjust enrichment.

17  Moreover, Defendants received only those fees to which the contracts legally

18  entitle them.  Plaintiffs have failed to adequately allege otherwise and, therefore,

19  their retention of these fees is not unjust.

20  Finally, Plaintiffs have received the benefit of their lenders' performance

21  under the contracts in the form of over a million dollars in loan proceeds.  "There is

22  no equitable reason for invoking restitution when the plaintiff gets the exchange

23  which he expected." *Comet Theatre Enterprises, Inc. v. Cartwright*, 195 F.2d 80, 83

24  (9th Cir. 1952); *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1593

25  (2008).

26  **C.   Plaintiffs' Third Count For Wrongful Foreclosure Fails.**

27  Plaintiffs' count for wrongful foreclosure fails for numerous reasons.  First,

28  Plaintiffs fail to allege that a foreclosure sale has taken place. (*See* Compl. ¶¶ 134-

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

170.)  A "mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or willfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust." *Munger v. Moore,* 11 Cal. App. 3d 1, 7 (1970).  To challenge foreclosure, "it is necessary for the complaint to state a case within the code sections for which reason it is essential to allege the facts affecting the validity and invalidity of the instrument which is attacked." *Phipps v. Wells Fargo Bank, N.A.,* 2011 U.S. Dist. LEXIS 10550, at *8 (E.D. Cal. Jan. 27, 2011) *(citing Kroeker v. Hurlbert,* 38 Cal. App. 2d 261, 266 (1940)). Here, Plaintiffs fail to plead the first essential element of a wrongful foreclosure claim *(i.e.,* a *completed* trustee's sale).  In the absence of a completed sale, Plaintiffs' claim for wrongful foreclosure is "premature." *Rosenfeld v. JPMorgan Chase Bank, N.A.,* 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010) (citing *Munger,* 11 Cal. App. 3d at 7).

In addition, all of Plaintiffs' nonsensical allegations challenge Defendants' authority to foreclose on the Property, and under the exclusive process of California's non-judicial foreclosure statutes, there is no right for a judicial action to determine whether the person initiating the foreclosure process is actually authorized by the owner of the indebtedness to foreclose. *Gomes v. Countrywide Home Loans, Inc.,* 192 Cal. App. 4th 1149, 1155-57 (2011). Plaintiffs' "wrongful foreclosure" count is merely an improper attempt to convert Plaintiffs' non-judicial foreclosure into a judicial action.

Plaintiffs list several nonsensical arguments regarding irregularities in the foreclosure process.  (Compl. ¶¶ 134-170.)  Plaintiffs confusingly allege that they were not in default at the time of the recording of the Notice of Trustee's Sale because (1) their loan servicer was making payments on their behalf to the investor and (2) "the investors promised the proceeds of interest and principal in this loan assigned to specific tranches (CUSIP) investment classes."  (Compl. ¶¶ 152-153.) However, by the plain terms of Paragraph 19 of the Deed of Trust (Ex. 16 to

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   Compl.), if the borrower breaches the Deed of Trust by failing to make payments,

2   the lender may invoke the power of sale.  Plaintiffs failed to make payments on their

3   loan (a fact which they do not deny), and thus non-judicial foreclosure was properly

4   commenced.

5       Plaintiffs' argument concerning the separation of the Note and Deed of Trust

6   has been repeatedly rejected. *Linkhart v. US Bank, NA.,* 2010 U.S. Dist. LEXIS

7   48281, at *7-9 (S.D. Cal. May 17, 2010) (rejecting "splitting" argument as

8   "specious" and holding that MERS "is entitled to foreclose on Plaintiff's property");

9   *Davidson v. Countrywide Home Loans, Inc.*, 2010 U.S. Dist. LEXIS 24589, at *14

10  (S.D. Cal. 2010)("transfer of the note without the mortgage does not cause the

11  mortgage to become null, nor the note to become unsecured; the mortgage

12  automatically follows the note.")

13      Furthermore, no California case holds that the securitization of a loan renders

14  the lien a nullity. *See Benham v. Aurora Loan Services*, 2009 WL 2880232 (N.D.

15  Cal. Sep. 1, 2009) (rejecting the plaintiff's generalized attack on securitization, and

16  "the argument that companies ... lose their power of sale pursuant to the deed of

17  trust when the original promissory note is assigned to a trust pool").  loan

18  obligations to secondary investors.").

19      **D.    Plaintiffs' Fourth Count For Tortious Interference Fails.**

20      "The elements of a cause of action for inducing breach of contract are: (1)

21  that a valid contract existed between the plaintiff and another party; (2) that the

22  defendant had knowledge of the contract and intended to induce a breach thereof;

23  (3) that the contract was breached, (4) as a proximate result of the defendant's

24  wrongful or unjustified [unprivileged] conduct, (5) resulting in damage to the

25  plaintiff." *Contemp. Invs., Inc. v. Safeco Title Ins. Co.*, 145 Cal. App. 3d 999, 1002

26  (1983) (citations omitted).

27      Here, Plaintiffs confusingly allege that "[t]he Note that the Staggs executed

28  constitutes a contract" and that "[t]he Defendants had knowledge of the contractual

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA  90401-2386

1   relationship and have interfered with attempts to subvert it with the recording of

2   documents related to that contract asserting an interest in it and the Property

3   securing it." (Compl. ¶¶ 172-173.)

4          This claim against Defendants fails for two reasons. First, Plaintiffs have not

5   alleged that Plaintiffs' Note was breached through any conduct on the part of

6   Defendants. (Indeed, Plaintiffs breached the contract by failing to make payments.)

7   Second, Plaintiffs have not alleged that any specific Defendant undertook any

8   specific wrongful or unjustified conduct, nor any resulting damage from any specific

9   conduct. (Compl. ¶¶ 171-176.) The Complaint seems to argue that "Defendants"

10  interfered with the Note by claiming ownership in the Note, but Plaintiffs fail to

11  allege how any such claims were fraudulent and which of "Defendants" made such

12  claims.

13      **E.**     **Plaintiffs' Fifth Count for Promissory Estoppel/Constructive Trust**

14              **Fails.**

15          A promissory estoppel claim requires "(1) a promise clear and unambiguous

16  in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance

17  must be both reasonable and foreseeable; and (4) the party asserting the estoppel

18  must be injured by his reliance." *US Ecology, Inc. v. State*, 129 Cal. App. 4th 887,

19  905 (2005). "Promissory estoppel is a 'doctrine which employs equitable principles

20  to satisfy the requirement that consideration must be given in exchange for the

21  promise sought to be enforced.'" *Id.* Because promissory estoppel functions to

22  "allow enforcement of a promise that would otherwise be unenforceable," courts are

23  given "wide discretion" to limit its application. *Id.*

24          Plaintiffs fail to allege any of these necessary elements. Plaintiffs merely

25  allege that they "were promised that the value of the building was sound and

26  therefore relied upon it to make an investment." (Compl. ¶ 181.) This "promise"

27  falls far short of the "clear and unambiguous" standard. Plaintiffs do not allege who

28  made this promise, when this promise was made, and how any Defendant broke a

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA  90401-2386

1   promise concerning whether the value of the building was "sound." (*See* Compl. ¶¶

2   177-183.)  Plaintiffs also fail to allege facts to suggest reasonable and foreseeable

3   reliance and injury resulting from such reliance. (Compl. ¶¶ 177-183.)  Thus, they

4   fail to state a claim for promissory estoppel.

5        Plaintiffs also cannot state a claim for "constructive trust" because a

6   constructive trust is a remedy, not an affirmative claim for relief. *Stansfield v.*

7   *Starkey*, 220 Cal. App. 3d 59, 76 (1990); *accord Glue-Fold, Inc. v. Slautterback*

8   *Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2000) ("[S]eeking imposition of a

9   constructive trust . . . is not an independent cause of action but merely a type of

10  remedy.").  Moreover, the remedy of constructive trust "may only be imposed where

11  the following three conditions are satisfied:  (1) the existence of a res . . .; (2) the

12  *right* of a complaining party to that res; and (3) some *wrongful* acquisition or

13  detention of the res by another party who is not entitled to it." *Communist Party v.*

14  *522 Valencia, Inc.*, 35 Cal. App. 4th 980, 990 (1995).  Thus, a "constructive trust

15  *cannot exist* unless there is evidence that the property has been wrongfully acquired

16  or detained by a person not entitled to its possession." *Id.*  Plaintiffs fail to allege

17  any facts suggesting that the subject property has been wrongfully acquired or

18  detained by a person not entitled to possession, and thus their "cause of action" for

19  constructive trust fails.

20        **F.     Plaintiffs' Sixth Count For Slander of Title Fails.**

21        To state an action for slander of title, a plaintiff must allege: "(1) a

22  publication, (2) which is without privilege or justification, (3) which is false, and (4)

23  which causes direct and immediate pecuniary loss." *Manhattan Loft, LLC v.*

24  *Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009).

25        Here, Plaintiffs allege that unnamed defendants slandered title by recording a

26  Notice of Trustee's Sale. (Compl. ¶¶ 185.)  However, "the statutorily required

27  mailing, publication, and delivery of notices in nonjudicial foreclosure, and the

28  performance of statutory nonjudicial foreclosure procedures, [are] privileged

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   communications under the qualified common interest privilege of [Civil Code]

2   section 47, subdivision (c)(1)"). *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333-

3   34 (2008).  Unless a plaintiff alleges "malice," the qualified privilege will make a

4   defendant immune to a cause of action for slander of title.  *Id.*  The court in *Kachlon*

5   found that, as a matter of law, the defendant trustee did not act with malice, as "[n]o

6   evidence suggested that it acted with ill will or with reckless disregard. . . ." *Id.* at

7   344.  Plaintiffs allege no facts to suggest any malice on the part of any Defendant,

8   and thus their count fails.

9         Plaintiffs' conclusory allegation concerning the Notice of Trustee's Sale

10   (Compl. ¶ 185) likewise does not support a cause of action for slander of title

11   because Plaintiffs do not allege any facts of what was false about this document.

12        **G.**   **Plaintiffs' Eighth Count For Equitable Estoppel Fails.**

13         "The equitable estoppel doctrine acts defensively only.  Thus, there is no

14   stand-alone cause of action for equitable estoppel as a matter of law." *Joffe v. City*

15   *of Huntington Park*, 201 Cal. App. 4th 492, 513 (2011), citing *Behnke v. State Farm*

16   *General Ins. Co.*, 196 Cal. App. 4th 1443, 1463 (2011).

17        **H.**   **Plaintiffs' Ninth Count For Truth in Lending Act Violation Fails.**

18         Plaintiffs allege that defendants Bank of America, N.A. and BAC Home

19   Loans Servicing, L.P. violated 15 U.S.C. § 1641(f)(2).    Plaintiffs must allege that

20   the servicing entity is also the owner of the obligation in order to allege a claim for

21   damages under Subsection 1641(f)(2).  In *Banut v. BAC Home Loans Servicing, LP*,

22   2011 WL 5237751, *1 -2 (E.D. Cal. 2011), BAC Home Loans Servicing, LP argued

23   that "Plaintiff's TILA damages claim against it, which is alleged under 15 U.S.C. §

24   1641(f)(2), should be dismissed because [BAC Home Loans Servicing, LP] is the

25   servicer of Plaintiff's loan and therefore is not exposed to liability for a TILA

26   damages claim." *Id.*  The district court noted that "TILA provides for civil liability

27   on the part of 'any creditor who fails to comply with any requirement' imposed by

28   TILA." *Id.*, citing *Selby v. Bank of Am., Inc.*, 2011 WL 902182, at *6 (S.D. Cal.

1   2011) (quoting 15 U.S.C. § 1640). The Court further noted, "TILA makes it clear

2   that a servicer 'shall not be treated as the owner of the obligation for purposes of this

3   section on the basis of an assignment of the obligation from the creditor or another

4   assignee to the servicer solely for the administrative convenience of the servicer in

5   servicing the obligation.'" *Id.*, quoting 15 U.S.C. § 1641(f)(2). The court thus held:

6   "Since Plaintiffs do not allege that [BAC Home Loans Servicing, LP] is or was the

7   owner of the obligation, Plaintiffs' TILA claim is dismissed. This dismissal is with

8   prejudice since neither Plaintiffs' complaint nor her opposition to the motion

9   indicates that "the pleading could ... possibly be cured by the allegation of other

10  facts." *Id.* Plaintiffs' TILA count here suffers the same defect.

11  **I.   Plaintiffs' Tenth Count For Violation of Business and Professions**

12  **Code Section 17200 et seq. ("the UCL") Fails.**

13  Plaintiffs' count for violation for the UCL fails because Plaintiffs do not

14  allege facts to demonstrate standing and because Plaintiffs fail to allege sufficient

15  facts to support a claim under the unlawful, unfair, or fraudulent prongs of the UCL.

16  **1.   Plaintiffs lack standing to bring a UCL claim.**

17  As an initial matter, Plaintiffs lack standing to bring a UCL claim because

18  they have not adequately alleged any loss of money or property resulting from

19  Defendants' conduct. As amended by Proposition 64, "[a] private plaintiff must

20  make a twofold showing: he or she must demonstrate injury in fact and a loss of

21  money or property caused by unfair competition." *Peterson v. Cellco P'ship*, 164

22  Cal. App. 4th 1583, 1590 (2008) (citations omitted). A plaintiff cannot show he

23  suffered "injury in fact" or "lost money" when he received the benefit of his

24  bargain. *Id.* at 1591-92. Here, Plaintiffs do not and cannot credibly allege that they

25  lost money or property as a result of conduct by Defendants. (Compl. ¶¶ 297-304.)

26  **2.   Plaintiffs' UCL count fails under the "fraudulent" prong.**

27  Rule 9(b)'s heightened pleading requirement of specificity applies to

28  California UCL claims grounded in fraud. *Kearns v. Ford Motor Co.*, 567 F.3d

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   1120 (9th Cir. 2009).  Here, Plaintiffs vaguely allege that "Defendants" are liable for

2   a laundry list of allegedly "unlawful, fraudulent and deceptive business practices."

3   (Compl. ¶ 299.)  Plaintiffs fail to allege that any specific Defendant "prepared" or

4   "fabricated" any specific document.  Further, Plaintiffs do not allege the names of

5   the persons who made the fraudulent representations, their authority to speak, to

6   whom they spoke, what they said or wrote, and when it was said or written.

7          With respect to allegation that Plaintiffs were told that they needed to default

8   on their loan in order to be considered for a loan modification, this representation

9   cannot provide the basis for a claim under the fraudulent prong.  The alleged

10  representation that Plaintiffs needed to miss their mortgage payments for three

11  months in order to be considered for a loan modification is not a misrepresentation.

12  The Home Affordable Modification Program ("HAMP") requires servicers to verify,

13  among other things, that the mortgage loan is delinquent or default is reasonably

14  foreseeable.  *See Phu Van Nguyen v. BAC Home Loan Services, LP*, 2010 WL

15  3894986, *2 (N.D. Cal. 2010).  Thus, there are no misrepresentations upon which to

16  base a claim under the fraudulent prong.

17          **3.    Plaintiffs' UCL claim fails under the "unlawful" or "unfair"**

18                 **prongs.**

19          A "violation of another law is a predicate for stating a cause of action under

20  the UCL's unlawful prong." *Berryman v. Merit Property Management, Inc.* 152

21  Cal. App. 4th 1544, 1554 (2007).

22          Under *Scripps Clinic v. Superior* Court, 108 Cal. App. 4th 917, 940 (2003), a

23  business practice is unfair if it violates a public policy that is "'tethered' to specific

24  constitutional, statutory or regulatory provisions" (quoting *Gregory v. Albertson's,*

25  *Inc.*, 104 Cal. App. 4th 845, 854 (2002)).  Plaintiffs vaguely allege that "Defendants

26  violated several California laws, including § 131(g) 15 U.S.C. § 1641, Cal Penal

27  Code 532 (f)(a)(4)."  (Compl. ¶ 300.)

28          As Plaintiffs allege <u>no facts</u> to suggest that any specific Defendant violated

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA  90401-2386

1   any specific law, they fail to state a claim under either the "unlawful" or "unfair"

2   prongs of the UCL.

3   **J.     Plaintiffs' Eleventh Count for Appraisal Violations Fails.**

4          Plaintiffs' count for appraisal violations fails because there is no such cause

5   of action under California or federal law.  In addition, Plaintiffs fail to allege any

6   wrongful conduct by defendants LandSafe Appraisal Services, Inc. or LandSafe Inc.

7   Plaintiffs merely purport to quote sections of the Uniform Standards of Professional

8   Appraisal Practice and various state and federal laws and allege, with no supporting

9   facts, that defendants LandSafe Appraisal Services, Inc. and LandSafe Inc. violated

10   these laws.

11          In addition, as detailed above in Section V.A, Plaintiffs cannot allege that

12   they were harmed by allegedly inflated appraisals because appraisals are for the

13   lender's benefit.  *See Nymark*, 231 Cal. App. 3d at 1096 ("[D]efendant performed

14   the appraisal of plaintiff's property in the usual course and scope of its loan

15   processing procedures to protect *defendant's* interest by satisfying it that the

16   property provided adequate security for the loan").

17          Plaintiffs' allegations concerning an inflated appraisal are implausible, and

18   they cannot allege any damages resulting from any of the alleged irregularities in

19   appraisal.

20   **K.     Plaintiffs' Twelfth Count for Injunctive Relief Fails.**

21          As an initial matter, it is black letter law in California that injunctive relief is

22   a remedy, not a cause of action.  *See Marlin v. AIMCO Venezia, LLC*, 154 Cal. App.

23   4th 154, 162 (2007); *Shamsian v. Atl. Richfield Co.*, 107 Cal. App. 4th 967, 984-85

24   (2003) ("[A] request for injunctive relief is not a cause of action.  Therefore, we

25   cannot let this 'cause of action' stand.").  For that reason alone, Plaintiffs' count for

26   injunctive relief must fail.

27          In addition, the availability of injunctive relief necessarily depends on the

28   validity of Plaintiffs' other claims.  *See Korean American Legal Advocacy v. Los*

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   *Angeles*, 23 Cal. App. 4th 376, 399 (1994).  As Plaintiffs' other allegations in the

2   Complaint are utterly without supporting facts and fail to state a claim, the

3   Complaint offers no support for Plaintiffs' request for injunctive relief.

4         **L.**     **Plaintiffs' Thirteenth Count for RESPA Violation Fails.**

5         Plaintiffs allege that Defendants violated the Section 2065 of the Real Estate

6   Settlement Procedures Act, which requires loan servicers of federally related

7   mortgage loans to respond to "qualified written request(s)" ("QWR"). 12 U.S.C. §

8   2605(e).  A QWR is a "written request from the borrower (or an agent of the

9   borrower) for information relating to the servicing of such loan." 12 U.S.C. §

10  2605(e)(1)(A).  Among other things, a QWR must include a "statement of the

11  reasons for the belief of the borrower, to the extent applicable, that the account is in

12  error or provides sufficient detail to the servicer regarding other information sought

13  by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii).  No later than 60 days after

14  receiving a QWR, the loan servicer must respond by making appropriate corrections

15  to the borrower's account, if necessary, and, after conducting an investigation,

16  providing the borrower with a written clarification or explanation. 12 U.S.C. §

17  2605(e)(2).  Only loan servicers are obligated to respond to a borrower's inquiries,

18  and must respond only if the requested information relates to loan servicing.

19  *Gonzalez v. First Franklin Loan Servs.*, 2010 WL 144862, at *12 (E.D. Cal. Jan. 11,

20  2010); *see Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1101 (E.D.

21  Cal. 2010) (holding only a loan servicer has a duty to respond to a QWR).

22  Conclusory allegations that a borrower's correspondence was a "Qualified Written

23  Request" are insufficient. *Jensen v. Quality Loan Serv. Corp.*, 702 F.Supp. 2d 1183,

24  1196 (E.D. Cal. 2010).

25        The exhibits attached to Plaintiffs' Complaint, showing correspondence

26  between Plaintiffs and Bank of America, contradict the allegations that there was a

27  RESPA violation. (Compl., Ex. 35-43.)  The January 3, 2012 letter from Bank of

28  America's counsel notes that the information sought in Plaintiffs' letters goes "well

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   beyond that which is available through a qualified written request made under 12.

2   U.S.C. § 2605." (Compl. Ex. 43.)  Nonetheless, the January 3, 2012 letter and

3   attachments to the letter provided Plaintiffs with the information they sought.  (*Id.*)

4          Plaintiffs have failed to allege that their two purported QWRs qualify as

5   QWRs under 12 U.S.C. § 2605(e).  As noted above, a QWR must include a

6   "statement of the reasons for the belief of the borrower, to the extent applicable, that

7   the account is in error or provides sufficient detail to the servicer regarding other

8   information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii).  As evidenced

9   by the allegations of the Complaint and the purported QWRs attached to the

10  Complaint (Compl. ¶¶ 336-346, Exs. 35, 38 to Compl.), Plaintiffs' letters consist of

11  vague and burdensome allegations and questions concerning the securitization of

12  their loans rather than a statement of the reasons for the belief of the borrower that

13  the account is in error and sufficient detail regarding other information sought.

14  Thus, Plaintiffs' count fails because they have not alleged valid QWRs.

15          In addition, Plaintiffs' count should be dismissed because they fail to allege

16  pecuniary loss.  "[A]lleging a breach of RESPA duties alone does not state a claim

17  under RESPA.  Plaintiffs must, at a minimum, also allege that the breach resulted in

18  actual damages." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1175

19  (E.D. Cal. 2010); *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 909 (C.D.

20  Cal. 2009).  Plaintiffs allege that "[t]he actual and pecuniary damages include, but

21  are not limited to, the over calculation and overpayment of interest on Plaintiffs'

22  loan, the costs of repairing Plaintiffs' credit, the reduction and/or elimination of

23  Plaintiffs' credit limits, costs associated with removing the could on their Property

24  title and setting aside the trustee's foreclosure proceedings, and attorneys' fees and

25  costs." (Compl. ¶ 346.)  However, none of these alleged "damages" could have

26  resulted from any alleged failure to comply with Section 2605 of RESPA.

27  Plaintiffs' credit was damaged and foreclosure proceedings commenced because

28  Plaintiffs defaulted on their loan, not because of any conduct by Defendants.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  Plaintiffs defaulted on the loan before they sent any purported QWRs: The Notice of

2  Default, Ex. 22 to Compl. is dated August 18, 2011, and Plaintiffs sent their first

3  purported QWR on September 29, 2011.

4  **VI.     CONCLUSION**

5       Plaintiffs' attempt to blame Defendants for the loss of value in their

6  investment property since 2006 fails to state any plausible claim against Defendants.

7  The defective counts are grounded in vague allegations that the securitization of

8  Plaintiffs' loan led to irregularities in the foreclosure process, but judicially

9  noticeable documents show compliance with the deed of trust and California's

10  foreclosure statutes.  Plaintiffs also attempt to challenge a foreclosure, without

11  alleging the pre-requisite tender of the loan proceeds. As there is no possibility of

12  credible amendment to cure these various pleading defects, the Court should grant

13  Defendants' Motion to Dismiss, without leave to amend.

14

15  Dated:  February 28, 2012          **BRYAN CAVE LLP**

16                                     By:  /s/ M. Angela Buenaventura
                                            M. Angela Buenaventura
17                                     Attorneys for Defendants
                                       MORTGAGE ELECTRONIC
18                                     REGISTRATION SYSTEMS, INC.;
                                       RECONTRUST COMPANY, N.A.;
19                                     COUNTRYWIDE FINANCIAL CORP.;
                                       COUNTRYWIDE HOME LOANS, INC.;
20                                     BANK OF AMERICA, N.A.; LANDSAFE
                                       APPRAISAL SERVICES, INC.; and
21                                     LANDSAFE, INC.

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**PROOF OF SERVICE**

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

    On February 28, 2012, I served the foregoing document, described as **DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RECONTRUST COMPANY, N.A.; COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA, N.A.; LANDSAFE APPRAISAL SERVICES, INC.; AND LANDSAFE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF,** on each interested party in this action, as follows:

| | |
|---|---|
| Steven Ibarra, Esq.<br>Law Offices of Steven Ibarra<br>6518 Greenleaf Avenue, Suite 28<br>Whittier, CA 90601<br>Tel.:   (562) 735-0828<br>Fax:   (714) 582-0948<br>sibarra@ibarrralaw.com | *Attorneys for Plaintiffs Marlon Staggs*<br>*and Christine Staggs* |

    ☒    **(BY MAIL)**  I placed the a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above.  I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California.  I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

    ☐    **(BY FEDERAL EXPRESS):**  I deposited in a box or other facility maintained by FedEx, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

    ☐    **(BY FAX)**  I caused a true copy of the foregoing document to be served by facsimile transmission at the time shown on each attached transmission report from sending facsimile machine telephone number (310) 576-2200 to each interested party at the facsimile number shown above.  Each transmission was reported as complete and without error.  A transmission report was properly issued by the sending facsimile machine for each interested party served.  A true copy of each such transmission report is attached hereto.

    Executed on February 28, 2012, at Santa Monica, California.

    ☒    **(FEDERAL ONLY)**  I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Robert Toombs