UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1002 CAS (VBKx) | Date | March 22, 2012 |
|---|---|---|---|
| Title | *MARLON STAGGS, et al. v. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER, United States District Judge | |
|---|---|---|
| Catherine M. Jeang | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (In Chambers:) ORDER TO SHOW CAUSE RE: PROOF OF SERVICE AND TRUTH IN LENDING ACT CLAIM

**I.   INTRODUCTION**

On February 6, 2012, plaintiffs Marlon and Christine Staggs filed suit against Mortgage Electronic Registration Systems, Inc. ("MERS"); Recontrust Company, N.A. ("Recontrust"); Countrywide Financial Corp. ("Countrywide Financial"); Countrywide Home Loans, Inc. ("Countrywide"); Countrywide Home Loans Servicing, L.P. FKA BAC Home Loan Servicing; Bank of America, N.A. ("Bank of America"); BAC Home Loans Servicing L.P. ("BAC"); Eddie Avakian; LandSafe Apprisal Services Inc. ("LandSafe Apprisal"); LandSafe, Inc. ("LandSafe"); Hearn Quality Assurance ("Hearn Quality"); Mark Hearn; TC Appraisals; C. Bill Lee; Martel Lofts LLC ("Martel"); Omri Meron; AMI Real Estate, Inc. ("AMI"); Citibank, N.A. ("Citi"); Bear Sterns Alt-A Trust 2006-7 ("Bear Sterns Alt-A"); Certificate Holders of Bear Sterns Alt-A Trust 2006-7 as a separate unknown legal entity; Structured Asset Mortgage Investments II, Inc. ("SAMI"); Wells Fargo Bank, National Association ("Wells Fargo"); and Does 1–10.

The complaint asserts thirteen claims for relief, styled as: (1) declaratory relief to void the foreclosure sale; (2) unjust enrichment; (3) wrongful foreclosure; (4) tortious interference with contractual relations; (5) promissory estoppel/constructive trust; (6) slander of title; (7) declaratory relief/quiet title; (8) equitable estoppel; (9) violation of the Truth in Lending Act, 15 U.S.C. § 1641(f)(2) ("TILA"); (10) violation of Cal. Bus. & Prof. Code §§ 17200 et seq.; (11) violation of Cal. Bus. & Prof. Code §§ 11300 et seq.; (12) injunctive relief; (13) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1002 CAS (VBKx) | Date | March 22, 2012 |
|---|---|---|---|
| Title | *MARLON STAGGS, et al. v. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.* | | |

On February 28, 2012, MERS, Recontrust, Countrywide Financial, Countrywide, Bank of America ("BofA"), LandSafe Appraisal, and LandSafe filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Wells Fargo, Citibank, Hearn Quality, and Mark Hearn joined in the motion. Plaintiffs filed their opposition on March 13, 2012. Hearing on the motion is currently scheduled for April 23, 2012.

## II.   DISCUSSION

### A.   Service of the Summons and Complaint as to SAMI

Plaintiffs appear to have failed to properly serve SAMI with the summons and complaint. See Dkt. No. 20 (on proof of service sheet, boxes marked "summons" and "complaint" are unchecked). Accordingly, plaintiffs are ordered to demonstrate whether SAMI was properly served with the summons and complaint.

### B.   Plaintiffs' TILA Claim Against SAMI and Wells Fargo

Plaintiffs allege that Bank of America, BAC, SAMI, Citibank, Wells Fargo, and Bear Sterns Alt-A violated TILA by failing to properly respond to plaintiffs' written requests for "the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." Dkt. No. 1 ¶¶ 288, 293–94.

In order to plead a valid claim under § 1641(f)(2), plaintiffs must allege that the servicing entity that violated TILA is also the owner of plaintiffs' obligation. See 15 U.S.C. § 1641(f)(2); Banut v. BAC Home Loans Servicing, LP, 2011 WL 5237751, at *1–2 (E.D. Cal. Oct. 28, 2011).

Here, plaintiffs' TILA claim against SAMI and Wells Fargo appears to fail because plaintiffs do not allege that these two defendants are owners of plaintiffs' obligation. Accordingly, plaintiffs are ordered to show cause why their TILA claim against SAMI and Wells Fargo should not be dismissed.

## III.   CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1002 CAS (VBKx) | Date | March 22, 2012 |
|---|---|---|---|
| Title | *MARLON STAGGS, et al. v. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.* | | |

    Based on the foregoing, plaintiffs are hereby ORDERED to SHOW CAUSE on or before April 7, 2012, why SAMI should not be dismissed from the instant action for failure to properly serve SAMI with the summons and complaint and, in addition, why plaintiffs' TILA claim against SAMI and Wells Fargo should not be dismissed for failure to state a claim upon which relief may be granted. Plaintiffs' submission shall not exceed ten (10) pages. Defendants shall file an opposition not to exceed ten (10) pages on or before April 16, 2012.

    IT IS SO ORDERED.

|  | : | 00 |
|---|---|---|
| | Initials of Preparer | SMOM |