UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1002 CAS (VBKx) | Date | March 22, 2012 |
|---|---|---|---|
| Title | *MARLON STAGGS, et al. v. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER, United States District Judge | |
|---|---|---|
| Catherine M. Jeang | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(In Chambers:) ORDER TO SHOW CAUSE RE: LIABILITY UNDER TRUTH IN LENDING ACT**

## I.    INTRODUCTION

On February 6, 2012, plaintiffs Marlon and Christine Staggs filed suit against Mortgage Electronic Registration Systems, Inc. ("MERS"); Recontrust Company, N.A. ("Recontrust"); Countrywide Financial Corp. ("Countrywide Financial"); Countrywide Home Loans, Inc. ("Countrywide"); Countrywide Home Loans Servicing, L.P. FKA BAC Home Loan Servicing; Bank of America, N.A. ("Bank of America"); BAC Home Loans Servicing L.P. ("BAC"); Eddie Avakian; LandSafe Apprisal Services Inc. ("LandSafe Apprisal"); LandSafe, Inc. ("LandSafe"); Hearn Quality Assurance ("Hearn Quality"); Mark Hearn; TC Appraisals; C. Bill Lee; Martel Lofts LLC ("Martel"); Omri Meron; AMI Real Estate, Inc. ("AMI"); Citibank, N.A. ("Citi"); Bear Sterns Alt-A Trust 2006-7 ("Bear Sterns Alt-A"); Certificate Holders of Bear Sterns Alt-A Trust 2006-7 as a separate unknown legal entity; Structured Asset Mortgage Investments II, Inc. ("SAMI"); Wells Fargo Bank, National Association ("Wells Fargo"); and Does 1–10.

The complaint asserts thirteen claims for relief, styled as: (1) declaratory relief to void the foreclosure sale; (2) unjust enrichment; (3) wrongful foreclosure; (4) tortious interference with contractual relations; (5) promissory estoppel/constructive trust; (6) slander of title; (7) declaratory relief/quiet title; (8) equitable estoppel; (9) violation of the Truth in Lending Act, 15 U.S.C. § 1641(f)(2) ("TILA"); (10) violation of Cal. Bus. & Prof. Code §§ 17200 et seq.; (11) violation of Cal. Bus. & Prof. Code §§ 11300 et seq.; (12) injunctive relief; (13) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1002 CAS (VBKx) | Date | March 22, 2012 |
|---|---|---|---|
| Title | *MARLON STAGGS, et al. v. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.* | | |

On February 28, 2012, MERS, Recontrust, Countrywide Financial, Countrywide, Bank of America ("BofA"), LandSafe Appraisal, and LandSafe filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Wells Fargo, Citibank, Hearn Quality, and Mark Hearn joined in the motion. Plaintiffs filed their opposition on March 13, 2012. Hearing on the motion is currently scheduled for April 23, 2012.

## II.   DISCUSSION

Plaintiffs allege that Bank of America, BAC, SAMI, Citibank, Wells Fargo, and Bear Sterns Alt-A violated TILA by failing to properly respond to plaintiffs' written requests for "the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." Compl. ¶¶ 288, 293–94.

In order to plead a valid claim under § 1641(f)(2), plaintiffs must allege that the servicing entity that violated TILA is also the owner of plaintiffs' obligation. See 15 U.S.C. § 1641(f)(2); Banut v. BAC Home Loans Servicing, LP, 2011 WL 5237751, *1–2 (E.D. Cal. Oct. 28, 2011).

Here, plaintiffs attach a letter to their complaint stating that "Citibank, N.A., As Trustee For the Holders of Bear Stearns Alt-A Trust 2006-7, Mortgage Pass-Through Certificates, Series 2006-7" is the "Owner of the Note." Compl., Exh. 39. Defendants' motion to dismiss addresses plaintiffs' TILA claim only as to Bank of America and BAC, and does not address plaintiffs' TILA claim as to Citibank. Accordingly, Citibank is ordered to show cause as to whether plaintiffs have adequately pled a TILA claim against Citibank.

## III.   CONCLUSION

Based on the foregoing, Citibank is hereby ORDERED to SHOW CAUSE on or before April 7, 2012, as to whether plaintiffs have adequately pled a TILA claim against Citibank. Citibank's submission shall not exceed ten (10) pages. Plaintiffs shall file an opposition not to exceed ten (10) pages on or before April 16, 2012.

IT IS SO ORDERED.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SMOM | |