UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1002 CAS (VBKx) | Date | April 24, 2012 |
|---|---|---|---|
| Title | MARLON STAGGS ET AL. v. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:**   (In Chambers:) ORDER TO SHOW CAUSE REGARDING TILA CLAIM

## I.   INTRODUCTION

On February 6, 2012, plaintiffs Marlon and Christine Staggs filed suit against Mortgage Electronic Registration Systems, Inc. ("MERS"); Recontrust Company, N.A. ("Recontrust"); Countrywide Financial Corp. ("Countrywide Financial"); Countrywide Home Loans, Inc. ("Countrywide"); Countrywide Home Loans Servicing, L.P. f/k/a BAC Home Loan Servicing; Bank of America, N.A. ("Bank of America"); BAC Home Loans Servicing L.P. ("BAC"); Eddie Avakian; LandSafe Apprisal Services Inc. ("LandSafe Apprisal"); LandSafe, Inc. ("LandSafe"); Hearn Quality Assurance ("Hearn Quality"); Mark Hearn; TC Appraisals; C. Bill Lee; Martel Lofts LLC ("Martel"); Omri Meron; AMI Real Estate, Inc. ("AMI"); Citibank, N.A. ("Citibank"); Certificate Holders of Bear Sterns Alt-A Trust 2006-7 as a separate unknown legal entity; Structured Asset Mortgage Investments II, Inc. ("SAMI II"); Wells Fargo Bank, N.A. ("Wells Fargo"); and Does 1–10.

The complaint asserts thirteen claims for relief, styled as: (1) declaratory relief; (2) unjust enrichment; (3) wrongful foreclosure; (4) tortious interference with contractual relations; (5) promissory estoppel/constructive trust; (6) slander of title; (7) declaratory relief/quiet title; (8) equitable estoppel; (9) violation of the Truth in Lending Act, 15 U.S.C. § 1641(f)(2) ("TILA"); (10) violation of Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"); (11) violation of Cal. Bus. & Prof. Code §§ 11300 et seq. (Unlawful Appraisal); (12) injunctive relief; and (13) violation of the Real Estate Settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1002 CAS (VBKx) | Date | April 24, 2012 |
|---|---|---|---|
| Title | MARLON STAGGS ET AL. v. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ET AL. | | |

Procedures Act, 12 U.S.C. § 2605 ("RESPA").

On February 28, 2012 defendants MERS, Recontrust, Countrywide Financial, Countrywide, Bank of America, LandSafe Appraisal, and LandSafe filed a motion to dismiss the complaint. Defendants amended their motion on March 2, 2012, and Wells Fargo, Citibank, Hearn Quality, and Mark Hearn joined in the motion. Plaintiffs filed their opposition on March 13, 2012.

On March 22, 2012, the Court issued an order to show cause ("OSC"), directing Citibank to respond to plaintiffs' allegations that Citibank's actions violated TILA, 15 U.S.C. § 1641(f)(2). Dkt. No. 50. Citibank filed its response on April 6, 2012, asserting, inter alia, that plaintiffs' TILA claim under § 1641(f)(2) claim fails because Citibank is not a "loan servicer." Dkt. No. 61 at 4.

On April 16, 2012, plaintiffs filed a reply to Citibank's response to the Court's OSC. Dkt. No. 65. Their reply states, in pertinent part:

> Plaintiff[s] hereby voluntarily dismiss[] the TILA claim as to Citibank. Plaintiffs concede that the [c]omplaint, as written, does not support a claim against Citibank for TILA [v]iolations. Given the complexity of the case, and the intertwined roles of the defendants, [p]laintiffs request that Citibank be dismissed without prejudice from [plaintiffs'] ninth cause of action for violations of 15 U.S.C. § 1641(f)(2).

Id. at 3 (alterations omitted).

It appears that plaintiffs are responding to Citibank's assertion that it is not a loan servicer and therefore not liable under § 1641(f)(2). However, "[b]ased on the language of §§ 1640 and 1641, courts have held that '[w]hile it is the servicer of the loan that has the obligation to provide the information to the borrower pursuant to section 1641(f), liability for violations of TILA rests squarely and solely with the creditors.'" Selby v. Bank of America, Inc., 2011 WL 902182, at *6 (S.D. Cal. Mar. 14, 2011) (quoting Ording v. BAC Home Loans Serv., LP, 2011 WL 99016, at *3 (D. Mass. Jan. 10, 2011)); Banut v. BAC Home Loans Serv, LP, 2011 WL 5237751, at *2 (E.D. Cal. Oct. 28, 2011) (rejecting argument that a loan servicer could be liable under TILA because "TILA provides for civil liability on the part of any creditor who fails to comply with any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1002 CAS (VBKx) | Date | April 24, 2012 |
|---|---|---|---|
| Title | MARLON STAGGS ET AL. v. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ET AL. | | |

requirement imposed by TILA") (internal quotation marks and citation omitted); Consumer Solutions REO, LLC v. Hillery, 2010 WL 144988, at *3 (N.D. Cal. Jan. 8, 2010) ("With respect to Saxon, a TILA damages claim predicated on a violation of § 1641(f)(2) cannot stand because TILA allows for a suit against a creditor" and not a loan servicer); see also Horton v. Country Mortg. Servs., Inc., 2010 WL 55902, at *3 (N.D. Ill. Jan. 4, 2010) ("TILA expressly disclaims any liability for mere servicers unless the servicer is or was the owner of the obligation.") (internal quotation marks omitted); Koons Buick Pontiac GMC, Inc. v. Nigh, 543 U.S. 50, 54 (2004) (noting that TILA "prescribes civil liability for any creditor" who violates it); 15 U.S.C. § 1605(a) ("[A]ny creditor who fails in connection with any consumer credit transaction to disclose to any person any information required . . . is liable . . . .").

In voluntarily dismissing their TILA claim against Citibank, plaintiffs do not state whether dismissal is based on Citibank's assertion that it cannot be liable because it is not a loan servicer—which is an incorrect statement of law—or based on some other reason. Accordingly, plaintiffs are ORDERED to SHOW CAUSE on or before May 14, 2012, the basis on which they filed a voluntary dismissal of the TILA claim as to Citibank.

In light of this order, the hearing on defendants' motions to dismiss is hereby continued from April 30, 2012, until May 21, 2012 at 10:00 a.m.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | IM |