UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-1002 (CAS) (VBKx) | Date | October 1, 2012 |
|---|---|---|---|
| Title | MARLON STAGGS ET. AL. V. BAC HOME LOAN SERVICES ET. AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| MONICA SALCIDO | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants | |
| Nathan Fransen | | Brian Recor, David Krol, Kelly Hagemann | |

**Proceedings:** DEFENDANTS BAC HOME LOANS SERVICING L.P., BANK OF AMERICA N.A., CITIBANK N.A., LANDSAFE APPRAISAL SERVICES INC., AND LANDSAFE INC.'S MOTION TO DISMISS CASE (Docket No. 78, filed July 24, 2012)

DEFENDANTS MARK HEARN AND HEARN QUALITY ASSURANCE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (Docket No. 80, filed July 31, 2012)

DEFENDANTS TC APPRAISALS AND C. BILL LEE'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND MOTION FOR (Docket No. 87, filed August 30, 2012)

DEFENDANT TC APPRAISALS AND C. BILL LEE'S MOTION FOR JOINDER IN MOTION TO DISMISS CASE (Docket No. 88, filed August 30, 2012)

## I.   INTRODUCTION

Plaintiffs Marlon and Christine Staggs filed this case on February 6, 2012. The Court dismissed the federal claims in plaintiffs' first complaint on May 17, 2012, and declined to exercise supplemental jurisdiction over the remaining state claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-1002 (CAS) (VBKx) | Date | October 1, 2012 |
|---|---|---|---|
| Title | MARLON STAGGS ET. AL. V. BAC HOME LOAN SERVICES ET. AL. | | |

On June 8, 2012, plaintiffs filed a first amended complaint ("FAC"). The complaint names several defendants: BAC Home Loan Servicing, L.P; Bank of America, N.A.; Eddie Avakian; Landsafe Appraisal Services, Inc.; Landsafe, Inc.; Hearn Quality Assurance; Mark Hearn; TC Appraisals; C. Bill Lee; Martel Lofts, LLC; Omri Meron; Citibank, N.S.; and Certificate Holders of Bear Stearns Alt-A Trust 2006-7. The FAC asserts seven claims for relief against all defendants: (1) violation of 12 U.S.C. § 2607, (2) fraud, (3) negligent misrepresentation, (4) declaratory relief, (5) breach of the covenant of good faith and fair dealing, (6) a claim for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq ("RICO"), and (7) violation of 12 C.F.R. § 34.44.

Defendants BAC Home Loans Servicing, L.P., Bank of America N.A., Citibank N.A., Landsafe Appraisal Services Inc., and Landsafe Inc.; Mark Hearn and Hearn Qualify Assurance; and TC Appraisals and C. Bill Lee respectively filed motions to dismiss on July 24, 2012; July 31, 2012; and August 30, 2012. Plaintiffs opposed these motions on August 20, 2012 and September 10, 2012. Defendants filed replies on August 27, 2012 and September 17, 2012. Defendants' motions are currently before the Court.

**II. BACKGROUND**

On June 21, 2006, plaintiffs executed a purchase agreement to buy 6615 Melrose Avenue, Unit 2, a loft in Los Angeles ("the property"), from defendant Omri-Martel. FAC ¶ 16. The purchase price was $1.45 million, and the purchase agreement called for roughly $1 million of the price to be financed. Id. The plaintiffs allege that as part of the purchase agreement, they were required to borrow purchase-money funds from Countrywide Home Loans ("Countrywide") and its officer Avakian. FAC ¶ 17, 19 – 20. Plaintiffs further allege that defendants Omri-Martel and defendants Countrywide and Avakian had an arrangement whereby Omri-Martel received kickbacks for referring prospective purchasers to Countrywide and Avakian. FAC ¶ 21. Plaintiffs allege that they could have received more favorable loan terms from a lender "that was not captive to defendant Omri-Martel." FAC ¶ 24.

Plaintiffs submitted a loan application to Countrywide on June 22, 2006. FAC ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-1002 (CAS) (VBKx) | Date | October 1, 2012 |
|---|---|---|---|
| Title | MARLON STAGGS ET. AL. V. BAC HOME LOAN SERVICES ET. AL. | | |

23. After plaintiffs submitted their loan application, Avakian arranged for defendants TC Appraisals and Bill Lee to appraise the property under the management of Landsafe Appraisal Services. FAC ¶ 26 – 27. The appraisal estimated the value of the property at $1.45 million. FAC ¶ 28. Plaintiffs allege that this appraisal did not reflect the true value of the property because the appraisers did not consider the purchase contract for the property, the appraisers based their conclusion on the selling price of habitable units even though the property was not habitable at the time of the appraisal, the appraisal failed to accurately describe the property, and the appraisal used the wrong zip code for the property. FAC ¶ 28 – 31. Plaintiffs allege that these omissions and misrepresentations were intentional. FAC ¶ 32. Additionally, plaintiffs allege that they requested but did not receive this appraisal prior to closing, and allege that it was intentionally concealed. FAC ¶ 33, 40. Though they did not receive the appraisal prior to closing, plaintiffs allege that they believed this appraisal insured that the property was worth the price they paid for it. FAC ¶ 35.

Plaintiffs executed a promissory note on August 2, 2006. FAC ¶ 43. At some point after closing, Countrywide arranged a review appraisal of the property to facilitate a sale of plaintiffs' loan. FAC ¶ 37. The review appraisal was conducted by Landsafe and Hearn. FAC ¶ 36. Plaintiffs allege that they were billed for this review appraisal at the closing of their loan, and that the fee was higher than the customary appraisal fee. FAC ¶ 41. Within thirty days of closing, Countrywide sold plaintiffs' loan to Bear Stearns. FAC ¶ 45.

In October 2011, plaintiffs again requested a copy of the initial appraisal of the property. FAC ¶ 36. They received a copy in January 2012, and claim that they only learned of the claims and issues associated with that appraisal at that point. FAC ¶ 39 – 40.

**III.   LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-1002 (CAS) (VBKx) | Date | October 1, 2012 |
|---|---|---|---|
| Title | MARLON STAGGS ET. AL. V. BAC HOME LOAN SERVICES ET. AL. | | |

recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-1002 (CAS) (VBKx) | Date | October 1, 2012 |
|---|---|---|---|
| Title | MARLON STAGGS ET. AL. V. BAC HOME LOAN SERVICES ET. AL. | | |

is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

IV.  ANALYSIS

  A.  PLAINTIFFS' CLAIM FOR VIOLATION OF 12 U.S.C. § 2607 IS BARRED BY THE STATUTE OF LIMITATIONS

Defendants argue that plaintiffs' claim under 12 U.S.C. § 2607 is barred by the applicable one year statute of limitations. 12 U.S.C. § 2614. In response, plaintiffs argue that equitable tolling or equitable estoppel should apply because they were unaware of their claims until they received a copy of their initial appraisal on January 29, 2012. Plaintiffs further argue that equitable tolling is appropriate because they e-mailed defendant Avakian and asked for a copy of this appraisal on July 26, 2006, but did not receive anything in response and did not receive a copy of this appraisal until January 29, 2012. Defendants reply that this allegation does not provide a basis to toll the statute of limitations because the fraudulent appraisal does not underlie the § 2607 claim, and that in any event plaintiffs do not allege how the appraisal revealed information vital to the § 2607 claim.

A statute of limitations is subject to equitable tolling if a plaintiff cannot obtain information material to a claim despite due diligence. Kay v. Wells Fargo & Co., 247 F.R.D. 572, 578 (N.D. Cal. 2007). Here, it is not the case that plaintiffs' were unable to obtain information material to their § 2607(a) claim. A claim under § 2607(a) alleges the existence of referrals for business incident to real estate settlement services. Though plaintiffs claim that they only learned of their § 2607 claim after receiving their appraisal in January 2012, plaintiffs do not explain how receipt of this appraisal alerted them to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-1002 (CAS) (VBKx) | Date | October 1, 2012 |
|---|---|---|---|
| Title | MARLON STAGGS ET. AL. V. BAC HOME LOAN SERVICES ET. AL. | | |

existence of business referrals among the defendants. In fact, plaintiffs alleged that they were aware of the business referral relationships between defendants Omri-Martel, Countrywide, and Avakian in 2006, well before they received the appraisal. See FAC ¶¶ 17 – 21. Additionally, plaintiffs knew of this appraisal in July 2006, and while they requested a copy of it once, they provide no excuse for their failure to take any additional action to obtain the appraisal until October 2011. Accordingly, even if the appraisal contained information vital to plaintiffs' § 2607(a) claim, plaintiff did not pursue this information with due diligence, and equitable tolling is therefore inappropriate.

Additionally, plaintiffs are not entitled to equitable estoppel because they fail to allege active concealment of any referral arrangement by defendants. See Kay v. Wells Fargo & Co., 247 F.R.D. 572, 577 (N.D. Cal. 2007). Plaintiffs do not allege any misrepresentations by defendants about a referral arrangement, and in fact allege that Avakian affirmatively disclosed that plaintiffs were required to get a loan from Countrywide if they wanted to purchase the property from Omri-Martel. Additionally, while plaintiffs allege that they were not provided with a copy of the appraisal after they requested it in July 2006, failure to provide this information is not a basis for equitable estoppel because defendant had no affirmative duty to provide plaintiffs with a copy of the appraisal. See Kay v. Wells Fargo & Co., 247 F.R.D. 572, 577 (N.D. Cal. 2007) ("Silence or passive conduct of the defendant is not deemed fraudulent, unless the relationship of the parties imposes a duty upon the defendant to make disclosure.") (quoting M.D. Rutledge v. Boston Woven Hose and Rubber Company, 576 F.2d 248, 250 (9th Cir. 1978).

Since neither equitable tolling nor equitable estoppel applies, plaintiffs' § 2607(a) claim is barred by the applicable one year statute of limitations.

**B.     PLAINTIFFS' CLAIM UNDER 18 U.S.C. § 1984 IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

Civil RICO claims are subject to a four year statute of limitations. Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143, 156 (1987). Defendant argues that plaintiffs' RICO claim is barred by this statute of limitations. In response, plaintiffs argue that they are entitled to tolling of the applicable statute of limitations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | CV12-1002 (CAS) (VBKx) | Date | October 1, 2012 |
|---|---|---|---|
| Title | MARLON STAGGS ET. AL. V. BAC HOME LOAN SERVICES ET. AL. | | |

because they had attempted to uncover information about their appraisal since 2006, but did not succeed until 2012.

Plaintiff is correct that the four year statute of limitations is subject to tolling. However, the statute of limitations for a civil RICO claim is only tolled if a plaintiff exercised reasonable diligence in investigating a possible RICO claim. Klehr v. A.O. Smith Corp., 521 U.S. 179, 194 (1997). As explained above, plaintiffs knew of the allegedly fraudulent appraisal in July 2006, and knew of the alleged referral arrangement between Countrywide and Avakian in 2006. Plaintiffs' complaint does not explain any excuse for failing to take any steps to acquire that appraisal between July 2006 and October 2011, or failing to investigate the alleged collusive relationship between Omri-Martel and Countrywide. Accordingly, it is inappropriate to toll the statute of limitations, and plaintiffs' claim should be dismissed.

### C.  REMAINING CLAIMS

This action was initiated in this Court pursuant to federal question jurisdiction based on plaintiffs' claims under 12 U.S.C. § 2607 and 18 U.S.C. § 1964. None of the other claims alleges a federal question.[1] Accordingly, because the only federal claims are to be dismissed, the Court declines supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1467(c)(3) (permitting a court to decline supplemental jurisdiction if the court has "dismissed all claims over which it has original jurisdiction"). As to these claims, defendants' motion is DENIED as moot.

## V.  CONCLUSION

---

[1] Though plaintiffs' seek relief for violations of 12 C.F.R. § 34.44, there is no private right of action under 12 C.F.R. § 34.44, and it is well established that plaintiffs cannot establish federal question jurisdiction by asserting a violation of California Business & Professions Code § 17200. See, e.g., Perez v. Nidek Co. Ltd., 657 F. Supp. 2d 1156, 1161 (S.D. Cal. 2009); Nevada v. Bank of America Corp., 672 F.3d 661, 675 (9th Cir. 2012); Guerra v. Carrington Mortg. Services LLC, 2010 WL 2630278, 2 (C.D. Cal. 2010) (Feess, J.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-1002 (CAS) (VBKx) | Date | October 1, 2012 |
|---|---|---|---|
| Title | MARLON STAGGS ET. AL. V. BAC HOME LOAN SERVICES ET. AL. | | |

      In accordance with the foregoing, the Court GRANTS defendants' motion to dismiss the 12 U.S.C. § 2607 and 18 U.S.C. § 1964 claims.  The Court declines to exercise supplemental jurisdiction over the remaining claims.  Plaintiffs shall have **twenty (20) days** to file an amended pleading that contains factual allegations showing plaintiffs' reasonable diligence in investigating their claims.  Failure to do so will result in dismissal of plaintiffs' federal claims with prejudice.

      IT IS SO ORDERED.

|  | 00 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | | MS |